**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4077

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALIRIO REYES, a/k/a Seco,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis III, Senior District Judge.  (1:04-cr-00381-TSE-1)

Submitted:  August 8, 2007        Decided:  September 4, 2007

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William B. Cummings, WILLIAM B. CUMMINGS, P.C., Alexandria, Virginia, for Appellant.  Morris Rudolph Parker, Jr., Assistant United States Attorney, Patrick Friel Stokes, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alirio Reyes pled guilty to murder in aid of racketeering and was sentenced to life imprisonment. On appeal, his attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but raising the issue of whether the district court abused its discretion in denying Reyes' motions for substitution of counsel. Reyes has filed a pro se supplemental brief, challenging evidence presented at his trial, which was aborted when he decided to plead guilty.

Whether a motion for substitution of counsel should be granted is within a district court's discretion. United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994). A defendant does not have an absolute right to substitution of counsel. United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). In evaluating whether the trial court abused its discretion in denying a defendant's motion for substitution of counsel, we consider: (1) the timeliness of the motion; (2) the adequacy of the inquiry; and (3) whether the attorney/client conflict was so great that it resulted in total lack of communication preventing an adequate defense. See United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004).

Although Reyes' four motions to substitute counsel were timely and the court did not conduct extensive inquiries, the

record does not reflect a total lack of communication preventing an adequate defense. Reyes' motions were all filed within a five month period prior to the actual setting of dates for pre-trial motions and for the start of trial. After Reyes' last motion was denied, the deadline for pre-trial motions was still three months away. Essentially, Reyes was complaining about one of his attorney's failure to present a vigorous defense before such time as discovery and the rest of the defense began in earnest. In fact, two of the motions were filed before co-counsel was even appointed. Once the motions and trial dates were set, Reyes never again complained about his attorneys.[*] Six months passed between the filing of Reyes' last motion and the start of trial, without comment or objection by Reyes. In addition, Reyes testified at both his Fed. R. Crim. P. 11 hearing and his sentencing hearing that he was satisfied with his attorneys. Given Reyes' sworn testimony and the timing of his motions, we find that the district court did not abuse its discretion in denying his motions and determining that there was not a total breakdown in communication between Reyes and his attorneys.

Reyes has filed a pro se supplemental brief, challenging the testimony and evidence presented at trial. However, because

---

[*]In fact, he had never complained about co-counsel who was appointed after Reyes had filed two motions for substitution.

Reyes knowingly and voluntarily pled guilty, he has waived any errors in the aborted trial.

In accordance with <u>Anders</u>, we have reviewed the record and found no meritorious issues for appeal. Accordingly, we affirm Reyes' conviction and sentence. This court requires that counsel inform his client, in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>